The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioner's denial of benefits and enters the following Opinion and Award.
The Full Commission finds of fact and concludes as matters of law the following which were entered into by the parties in their Pre-Trial Agreement, filed on February 13, 1996, and at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at the relevant time.
2. The defendant was a duly qualified self-insured.
3. The employment relationship existed between the parties in July of 1995.
4. The plaintiff's average weekly wage was $428.89, which yields a compensation rate of $285.94, based upon the I.C. Form 22 Wage Chart which was stipulated into evidence.
5. The plaintiff was out of work from August 18, 1995 through November 5, 1995, during which time he received short-term disability payments at the rate of $165.00 per week, through an employer-funded plan, for which defendant is entitled to a credit, should this matter be found to be compensable.
6. The plaintiff returned to work on November 6, 1995.
7. The issues for determination are:
 a. Whether the plaintiff's occupational disease is causally related to the job;
 b. Whether the plaintiff's claim is barred by N.C. GEN. STAT. § 97-58 or -22;
 c. Whether the plaintiff sustained a compensable occupational disease, within the meaning of N.C. GEN. STAT. § 97-53 (13).
******************
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a forty-eight year old male, who was right-hand dominant. The plaintiff began working in 1988 for defendant, a manufacturer of corrugated boxes, where his duties as a printer slotter assistant and operator required plaintiff to grasp sheets of corrugated board and required repetitive use of his hands and arms and constant pulling and grasping.
2. On July 12, 1995, the plaintiff sought treatment from orthopedist Dr. Herbert Schulten, at which time plaintiff related a history of repetitive use of his arms at work, requiring constant pulling and grasping.
3. Dr. Schulten rendered an opinion, and the Full Commission finds as a fact, that plaintiff's bilateral carpal tunnel condition was as a result of the repetitive use of the hands on the job. Dr. Shulten also rendered an opinion, and the Full Commission finds as a fact, that plaintiff's employment exposed him to a greater risk of contracting carpal tunnel syndrome than members of the general public. This fact is a reasonable inference from the hypothetical question asked of Dr. Schulten by plaintiff's counsel and cross examination on this issue by defense counsel. Although the question by plaintiff's counsel merely asked him whether he had such an opinion and his answer was affirmative and there was no follow-up question as to what his opinion was, in the context of the deposition and other answers by the Doctor is is clear that his answer to the implied question would have been in the affirmative and the Full Commission so finds. On cross examination defense counsel asked a series of questions related to whether plaintiff's job tended to increase the incidence of carpal tunnel syndrome as compared to members of the general public who don't do that job and Dr. Schulten's responses left no doubt that his opinion was that plaintiff's job did provide such increased risk. Additionally, the asking of these questions by defense counsel is a clear indication that he believed the doctor's answer was to the effect that plaintiff's job tended to increase the incidence of carpal tunnel syndrome as compared to members of the general public. There was no medical testimony to the contrary on either of these two crucial issues.
4. Medical treatment was necessary for plaintiff's bilateral carpal tunnel disease, including two operations for carpal tunnel release performed by Dr. Schulten.
5. Dr. Schulten rated plaintiff with a 5% permanent partial impairment of his right hand but had not rated the left hand because it was not at maximum medical improvement.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's bilateral carpal tunnel syndrome is due to causes and conditions characteristic of his employment with defendant which are not ordinary diseases of life to which the general public is equally exposed outside of said employment. G.S. § 97-53 (13).
2. As a result of plaintiff's bilateral carpal tunnel syndrome, plaintiff was temporarily totally disabled for the period from August 18, 1995 through November 5, 1995, and is entitled to temporary total disability compensation benefits at the rate of $285.94 per week for said period, subject to a credit due defendant for short-term disability payments made to plaintiff at the rate of $165.00 per week for that same period, through an employer-funded plan. G.S. § 97-29.
3. Plaintiff is entitled to compensation at the rate of $285.94 per week for 10 weeks for the five percent permanent partial impairment he sustained to his right hand. G.S. § 97-31.
4. Plaintiff is entitled to have defendant pay for all reasonable medical treatment arising from his bilateral carpal tunnel disease. G.S. § 97-25.
5. Plaintiff's attorney is entitled to an attorney's fee of 25% of all amounts due plaintiff under this Opinion and Award.
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay compensation benefits to plaintiff at the rate of $285.94 per week from August 18, 1995 through November 5, 1995 for his temporary total disability, subject to a credit awarded defendant for temporary disability benefits previously paid to plaintiff during said period, and also subject to the reasonable attorney's fee hereinafter approved. This compensation has accrued and shall be paid in a lump sum.
2. Defendants shall pay compensation benefits to plaintiff at the rate of $285.94 per week for 10 weeks for the 5% rating of his right hand. This award is also subject to the reasonable attorney's fee hereinafter approved. This compensation has likewise accrued and shall be paid in a lump sum.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of the aforementioned occupational disease.
4. A reasonable attorney's fee in the amount of twenty-five percent of the compensation awarded (less credits awarded) herein is hereby approved for plaintiff's counsel, and said fee shall be directly paid to counsel for plaintiff.
5. The issue of permanent partial impairment of the left wrist is reserved, plaintiff having not reached maximum medical improvement with respect to this injury.
6. Defendants shall pay the costs.
 S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________________ COY M. VANCE COMMISSIONER
DISSENTING:
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER